UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CEDRIC OTKINS, JR. | * | CIVIL ACTION NO. 21-1275 |
| | * | |
| VERSUS | * | SECTION: "D"(1) |
| | * | |
| JACK GILBOY, BARRETT PEARSE, | * | JUDGE WENDY B. VITTER |
| WILLIAM ROTH, JOSHUA DEROCHE, | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Quash and/or Motion for Protective Order regarding Subpoena Duces Tecum and 30(b)(6) Deposition Notice. (Rec. Doc. 105). The vast majority of discovery sought by the plaintiff is duplicative or disproportionate with the needs of the case. The Motion is therefore GRANTED in part and DENIED in part. Otkins shall serve and within 14 days the Sheriff shall respond to two interrogatories regarding the condition of the blunt and the package of marijuana found. Gilboy shall be required to produce any documents he relied on or consulted in preparing his discovery responses and he shall certify that such production is complete. No further document production or testimony by the Sheriff shall be required.

Background

This is a civil rights action by plaintiff Cedric Otkins, Jr., alleging an unconstitutional stop, search, and seizure. He drove to East Bank Bridge Park and parked near the restroom at 10:40 p.m. on July 1, 2020. Office Jack Gilboy of the St. Charles Parish Sheriff's Office approached the vehicle because the park was closed. Gilboy claims he smelled marijuana emanating from the car when Otkins exited the vehicle. He called for backup and other officers arrived, including a K-9 officer. The drug-detection dog alerted and marijuana was found in the trunk of the car.

1

The District Court issued a Qualified Immunity Scheduling Order limiting discovery to the issue of defendants' qualified immunity. The parties proceeded to conduct discovery and, thereafter, defendants moved for summary judgment. The District Judge granted summary judgment for the defendants on qualified immunity. But the Fifth Circuit reversed as to Officer Gilboy, finding an issue of material fact as to whether Gilboy actually could have smelled marijuana. Gilboy testified that he was three or four feet from the vehicle when he smelled marijuana fanned towards him from the closing door. Otkins testified that he exited his vehicle and waited near the trunk with his doors and windows fully closed. Gilboy testified that Otkins opened his car door before Gilboy and that Otkins closed his door in two seconds. The court of appeals found it "improbable" that Gilboy would have exited his vehicle and crossed the fifteen feet between them in the two seconds it took Otkins to close his door. It concluded that a reasonable jury might find that Gilboy could not have smelled marijuana from a distance of more than three feet and that, therefore, summary judgment was improper as to Gilboy. The dismissal of the claims against the other officers was affirmed.

Upon return to the District Court's docket, an Amended Scheduling Order was issued on October 13, 2023. Pursuant to that Order, the discovery deadline is January 8, 2024, and trial will begin on March 25, 2024. Importantly, the Court limited discovery to those issues that were not discoverable under the Court's prior Qualified Immunity Scheduling Order. Less than a month later, Otkins moved to amend the scheduling order. He sought to clarify that he was entitled to serve Gilboy with additional requests for production and he sought to extend the discovery deadline to February 15, 2024. The District Court held a status conference, and the parties discussed the discovery propounded and Otkins' request for additional discovery. The Court

2

allowed plaintiff to propound additional interrogatories within the limits of the Federal Rules of Civil Procedure. The Court denied the request to continue the discovery deadline.

A few weeks after that, Otkins filed a motion to compel, complaining that Gilboy refused to respond to new requests for admission and requests for production that had not been explicitly authorized during the parties' conference with the District Judge. The undersigned held a status conference and ordered that Gilboy would not be required to respond to new requests for admission. Most of the requests for production were determined to be repetitive of earlier requests (that Gilboy was in the process of supplementing his responses to). As to the remaining five requests, the Court ordered a limited response to two. One request concerned documents reflecting previous incidents where Gilboy detected the odor of marijuana. The other concerned a limited production of medical records of any olfactory issues or concerns experienced by Gilboy during the month leading up to the incident. Following a status report about the searchability of the Sheriff's database for incident reports, the undersigned ordered a limited production of incident reports reflecting prior incidents where Gilboy had detected the odor of marijuana from among a search yielding 84 incident reports.

On January 5, 2024, the District Court denied Otkins' renewed motion to modify the scheduling order, ordering that except for the depositions of Kenneth Latour, Allan Tabora, and the limited re-deposition of Jack Gilboy on topics not otherwise discoverable and not previously addressed in his first deposition, no other discovery would be allowed absent a Court order.

Issues before the Court

The present motion concerns a subpoena for documents to the Sheriff and a subpoena for a corporate deposition of the Sheriff. Numerous of the document requests and deposition topics have already been discussed and limited by the Court (e.g., Gilboy's medical condition, documents

related to incidents where Gilboy claims to have detected marijuana, Gilboy's employment records other that disciplinary records related to stops and searches). Others are duplicative of previous discovery (e.g., reports regarding the stop and arrest when all such reports have been produced, training documents when all certificates have been or are being produced, testimony about the stop when each officer involved has already been deposed, testimony about the incident reports when the officers involved have already been deposed about the reports, testimony about Gilboy's training when Gilboy has already testified about this, testimony about Gilboy's disciplinary history when Gilboy has already been deposed and the Sheriff's office has already reported that no relevant records exist, testimony about the information obtained when Otkins' license was run when Gilboy has already been deposed about this and when the Sheriff's Office has already reported that the screen with information cannot be recreated, testimony about the documents the Sheriff produced when Gilboy has already provided testimony about the incident reports, training certificates, and video that the Sheriff produced). Not one is proportional to the needs of the case as written.

   The scope of discovery extends to "nonprivileged matter that is relevant to any party's claim or defense ***and proportional to the needs of the case***." Fed. R. Civ. Proc. 26(b)(1). Proportionality involves consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

   Rule 26(g) demands that each attorney signing a discovery request certifies "that it is neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the

4

action" and that it is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g). Rule 45 governing the subpoenas at issue here requires the issuing attorney to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Id. R. 45(d)(1).

And yet, time and again, Otkins' counsel has demanded discovery with no sense of proportionality. Without a new justification for additional information, Otkins repeatedly seeks discovery beyond the scope of categories the Court has already limited. He recycles requests that are, on their face, patently overbroad. In spite of the Court's order, he seeks discovery that he already had an opportunity to obtain during the qualified immunity phase.

The remaining issues in this post-remand case are highly circumscribed: Did Gilboy actually smell marijuana when he said he did? If so, there can be no dispute that his actions were reasonable and he is protected by qualified immunity. If not, then he lacked reasonable suspicion to further detain Otkins and is liable for violating Otkins' constitutional rights. With that in mind, the Court considers the requests at issue.

1. *Subpoena for Documents*

Request 1 seeks documents supporting the defendant's discovery requests. The Court finds it is unduly burdensome to require a non-party to produce documents supporting the discovery requests of a defendant. The Sheriff submits that Gilboy himself is the best person to produce these documents. To the extent Gilboy has not already done so, he shall produce any documents he relied on or consulted in preparing his discovery responses and he shall certify that such production is complete.

Request 2 seeks additional sections of the Policy and Guidelines Manual. The Sheriff has produced the policies he has determined to be relevant (Traffic Enforcement and Limits of

Authority) along with the table of contents (as ordered by the undersigned). Plaintiff suggests the table of contents has been redacted, but the Sheriff represents there have been no redactions. Plaintiff seeks the entire Manual or, alternatively, certain sections he has identified and highlighted on the table of contents. The Sheriff insists none of the highlighted sections are relevant to the issue of whether Gilboy smelled marijuana. The Court has reviewed the titles of the additional sections of the policy manual that Otkins contends are relevant, but the Court disagrees. No other topic could reasonably be interpreted to bear on whether Gilboy smelled marijuana. The Sheriff will not be required to respond.

Request 3 seeks training officer daily observation reports or other reports by Officer Roth regarding Officer Pearse's performance during the incident. The Sheriff reports in his reply that he has repeatedly confirmed that there are no daily observation reports. He explains that Otkins is in possession of all reports regarding the arrest. This request is moot.

Requests 4 and 5 concern documents related to Gilboy's training in marijuana detection. The Court already addressed this request in April 2022, ordering production of all training certificates. All Gilboy's training certificates have now been produced. It appears that Otkins is seeking other documents beyond training certificates, such as exams, course goals and objectives, and the training materials themselves. The Sheriff argues there is no allegation that Gilboy acted in any way that is banned by the Sheriff's office. The Sheriff insists that race has no bearing on whether Gilboy detected marijuana. The Court finds that the content of the training is of tangential relevance and that the burden of searching for training materials outweighs that relevance. Moreover, this was a topic that was subject to qualified immunity discovery, which has not been reopened.

Request 6 seeks all documents related to incidents where Gilboy claims to have detected marijuana. The Court already addressed this request during the December 2023 status conference and thereafter when the Court ordered review of the 84 search results. The Sheriff reports he has now produced 58 reports (those not produced involved officers other than Gilboy detecting the odor of marijuana). The Court stands by its earlier finding that additional production of reports is not proportional with the needs of the case. (Rec. Doc. 114). The Sheriff will not be required to respond further.

Request 7 is not at issue.

Request 8 concerns documents showing the training of the K9 and previous incidents where the K9 alerted to marijuana. There is no dispute that the K9 alerted and that marijuana was found in the vehicle. The Court finds that the canine's ability to accurately alert the presence of marijuana is not at issue and that this request seeks irrelevant information. The Sheriff will not be required to respond.

Request 9 seeks documents of Gilboy's training in legal standards applicable to search, seizure, reasonable suspicion, probable cause, detention, arrest, and qualified immunity. All training certificates have been produced. Otkins seeks additional training materials. The Court finds that Gilboy's training in these areas is not relevant to the question of whether he smelled marijuana. Further, the training materials themselves have even less bearing on the remaining issue in this case. Any possible relevance is outweighed by the burden of searching for and producing such training materials. The Sheriff will not be required to respond.

Request 10 is not at issue.

Request 11 seeks all documents related to Gilboy's employment records. This request was already addressed in April 2022 when the Court limited the Sheriff's production to disciplinary

7

records or internal affairs complaints to the extent the concerned stops and/or searches associated with stops. Further, it has already been established that there are no relevant disciplinary records. Otkins fails to show that this request is outside of the scope of the previous qualified immunity discovery. Moreover, the Court finds that Gilboy's other employment records are irrelevant to the issue remaining in this case. The Sheriff will not be required to respond.

Request 12 seeks documents related to Gilboy's training in ethnic bias awareness, cultural sensitivity, or discriminatory behavior. As noted, the Sheriff has already been required to produce and has produced all training certificates. It is unclear if any certificates reflect the type of training Otkins is interested in. The Court previously ruled that participation in community outreach and diversity programs is irrelevant. This remains the Court's position and extends to the content of training in ethnic bias awareness, cultural sensitivity, and discriminatory behavior. Moreover, training information was subject to and considered during qualified immunity discovery, which has not been reopened.

Request 13 is not at issue.

2. *Rule 30(b)(6) Deposition Topics*

Topic 1 seeks testimony regarding the investigatory stop. This request is duplicative of earlier discovery because Otkins has already had the opportunity to depose all officers involved in the stop. And it is clearly a topic that was included in the earlier qualified immunity discovery. Otkins insists that he needs the Sheriff's testimony because the officers could not recall whether the blunt was burnt or whether the packaged marijuana in the trunk was sealed. He argues this could bear on whether Gilboy could have smelled the marijuana. The Court agrees that the condition of the marijuana could be relevant and that due to the officers' lack of knowledge, Otkins was not able to discover it during the qualified immunity phase. However, the deposition Topic is

so broad it would not have alerted the Sheriff that he was required to investigate the condition of the marijuana to prepare for his testimony. The Court finds that deposition testimony on the topic as written is not proportional to the needs of the case. Instead, Otkins will be allowed to serve two written interrogatories to the Sheriff to determine the condition of the blunt and the package of marijuana found. Otkins also argues that testimony on the investigatory stop could reveal that Sheriff's Office employees questioned the reasonableness of Otkins' detention. That subject matter is not reasonably implicated by the broad request and, under the circumstances, would amount to a fishing expedition for minimally relevant evidence that likely does not even exist. The Sheriff will not be required to provide testimony on this topic.

Topic 2 seeks testimony regarding any reports regarding the incident. This request is duplicative of earlier discovery because Otkins has already had the opportunity to depose all officers involved in the stop and has already received all reports. And like the previous topic, it was clearly included in the earlier qualified immunity discovery. Otkins seems to argue that there are spoliation concerns because he has not been able to determine the condition of the marijuana that was found and that this would justify additional testimony about documentation of evidence collection. There is no basis, at this time, to believe that any spoliation occurred. The Court finds that the Sheriff's testimony on Topic 2 is not proportional with the needs of the case. The Sheriff will not be required to provide testimony on this topic.

Topic 3 seeks testimony regarding Gilboy's training. As the Sheriff points out, there are no inadequate training claims pending against the Sheriff and Gilboy has already testified about his training. All of Gilboy's training certificates have been produced. The Court finds this Topic duplicative of earlier testimony and disproportionate with the needs of the case. The Sheriff will not be required to provide testimony on this topic.

Topic 4 seeks testimony regarding Gilboy's disciplinary history. As discussed, the Sheriff has already informed Otkins that there are no such disciplinary records. Moreover, Otkins has had the opportunity to depose Gilboy on his disciplinary history during the qualified immunity phase of discovery. Otkins suggests the Sheriff may know something more. There is no reason to believe that is the case. This topic is duplicative and irrelevant. The Sheriff will not be required to provide testimony on this topic.

Topics 5 and 6 seek testimony regarding Gilboy's medical conditions and any leave he may have taken for health reasons. The topic of Gilboy's medical conditions impacting his ability to smell at the time of the incident was discussed during the December 2023 status conference at which time the Court limited discovery to that which is proportionate with the needs of the case. Otkins has received Gilboy's interrogatory responses regarding medical conditions that could have impacted his ability to smell and he has also received limited medical records on this issue. Testimony by the Sheriff regarding these topics is largely irrelevant and any relevant information the Sheriff might be able to provide is duplicative of earlier discovery. The Sheriff will not be required to provide testimony on these topics.

Topic 7 is not at issue.

Topics 8 and 9 seek testimony regarding the Sheriff's Policies and Procedures and updates thereto. The Sheriff argues that whether Gilboy complied with policies is irrelevant. Otkins argues that these policies are relevant to whether Gilboy was objectively reasonable. He adds that subsequent changes to the policies could also inform whether his actions were reasonable. The Court finds that testimony on the Policies and Procedures is irrelevant to the question of whether Gilboy smelled marijuana. The Sheriff will not be required to provide testimony on these topics.

Topic 10 seeks information that was obtained when Otkins' license was run by Gilboy during the stop. In response to the same request during the qualified immunity phase, the Sheriff has already reported that the results obtained that night cannot be duplicated. Otkins has already had the opportunity to depose Gilboy about what information he recalls obtaining. Otkins says this information could be gathered by the Sheriff's office in other ways, such as checking NCIC records and recordings of Gilboy's communications that evening. The Court finds this topic duplicative of earlier testimony provided by Gilboy. Otkins's suggestion that the Sheriff conduct further investigation beyond Gilboy's recollection is disproportionate with the needs of the case, especially where the continued relevance of license information is tangential, at best, to the remaining issue of whether Gilboy smelled marijuana. The Sheriff will not be required to provide testimony on this topic.

Topic 11 seeks testimony regarding documents produced by Gilboy and the Sheriff. As the Sheriff points out, Gilboy has already testified regarding the reports, training certificates, and videos that originated with the Sheriff's Office. The Court finds Topic 11 is duplicative of earlier testimony by Gilboy and the other officers involved in the incident. Additional testimony by the Sheriff on these documents is disproportionate to the needs of the case. The Sheriff will not be required to provide testimony on this topic.

## Conclusion

The remaining issues in this case are limited. Otkins has already had significant discovery on those issues and, as discussed, the Court has already ruled on a number of the topics and document requests put at issue in the present motion. The documents and testimony presently sought from the Sheriff are almost entirely disproportionate with the needs of the case. The Motion to Quash and/or Motion for Protective Order regarding Subpoena Duces Tecum and 30(b)(6)

Deposition Notice (Rec. Doc. 105) is GRANTED in part and DENIED in part. Otkins shall serve and within 14 days the Sheriff shall respond to two interrogatories regarding the condition of the blunt and the package of marijuana found. Gilboy shall be required to produce any documents he relied on or consulted in preparing his discovery responses and he shall certify that such production is complete. No further document production or testimony by the Sheriff shall be required. Further, the Court reminds counsel for Otkins of their obligations under Rule 26(g) as well as the possibility that sanctions will issue for improper certifications.

New Orleans, Louisiana, this 11th day of January, 2024.

*Janis van Meerveld*
Janis van Meerveld
United States Magistrate Judge