UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDRIC OTKINS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1275** |
| **SERGEANT JACK GILBOY, ET AL.** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is an Objection to Magistrate Judge's Order Limiting Compliance With Non-Party Subpoena Duces Tecum Issued to the St. Charles Parish Sheriff's Office filed by the Plaintiff, Cedric Otkins.[1] The Court construes Plaintiff's Objection as a Motion to Review a Magistrate Judge's Order pursuant to Local Rule 72.2. The Defendant, Jack Gilboy, and Greg Champagne, in his official capacity as Sheriff of St. Charles Parish, oppose the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court finds that the Magistrate Judge's Order is not "clearly erroneous or contrary to law" and therefore **DENIES** Plaintiff's Motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously discussed the general factual background of this case at length in its Order and Reasons granting the Defendants' Motion for Summary Judgment and incorporates that background discussion here.[3] Summarized briefly, Plaintiff Cedric Otkins ("Otkins") filed this civil rights action alleging that he was unconstitutionally stopped and arrested in violation of his Fourth Amendment right

---

[1] R. Doc. 130.
[2] R. Doc. 137.
[3] *See* R. Doc. 58 at pp. 1–7.

to be free from unreasonable search and seizure. On July 1, 2020, at around 10:40 p.m., Otkins was sitting alone in his parked car at the East Bank Bridge Park in St. Charles Parish, Louisiana when he was approached by Officer Jack Gilboy ("Gilboy") of the St. Charles Parish Sheriff's Office. Officer Gilboy claimed that he smelled marijuana emanating from Otkins' vehicle after Otkins exited his vehicle. Officer Gilboy then called for backup, including a K-9 unit. The drug-sniffing dog alerted for the presence of drugs in Otkins' car and a subsequent search by officers with the St. Charles Parish Sheriff's Office ("Sheriff's Office") revealed twenty grams of marijuana, including a brown hand rolled marijuana cigar, a firearm, and drug paraphernalia including a glass smoking pipe, a grinder, and a digital scale with green vegetable-like matter. Otkins was arrested and charged with violations of La. R.S. 14:95 ("Illegal Carrying of a Weapon in the Presence of a Controlled Dangerous Substance"), La. R.S. 40:1023 ("Possession or Distribution of Drug Paraphernalia"), and La. R.S. 40:966 ("Possession with the Intent to Distribute"). Plaintiff participated in a Pretrial Intervention Program with the District Attorney's Office to resolve his criminal charges.[4] Plaintiff subsequently filed this 42 U.S.C. § 1983 claim against several individuals, including Officer Gilboy.

This Court granted the Defendants' Motion for Summary Judgment in Support of Qualified Immunity, finding that the Defendants were entitled to qualified immunity on the basis that no violation of Otkins' Fourth Amendment rights had taken place.[5] On October 31, 2023, the United States Court of Appeals for the Fifth

---

[4] R. Doc. 1 at ¶ 38.
[5] *Id.*

Circuit vacated this Court's Order granting summary judgment to Defendant Jack Gilboy, finding that genuine issues of material fact precluded summary judgment on qualified immunity as to Gilboy.[6] The Fifth Circuit affirmed the granting of summary judgment as to all other Defendants.[7] Accordingly, only Otkins' claims against Gilboy remain pending.

Since this case returned to the Court's docket, the parties have had numerous disputes regarding the proper scope of discovery.[8] In the instant Motion[9], Otkins seeks review of the Magistrate Judge's January 2, 2024 Order limiting the scope of Otkins' subpoena of documents held by the St. Charles Parish Sheriff's Office seeking incident reports in which Gilboy claimed to have detected marijuana.[10] Specifically, Request No. 6 in the subpoena duces tecum served on the St. Charles Parish Sheriff's Office on November 27, 2023 reads:

> Produce all documents related to all incidents in which Sergeant Gilboy claimed to have detected marijuana, including, but is not limited to, incident reports, arrest records, gists, field contact or interview cards, probable cause affidavits, deposition, hearing and/or trial transcripts, and any internal or external complaints related to the incident(s).[11]

On December 26, 2023, counsel for the Defendant emailed the Magistrate Judge and counsel for the Plaintiff informing them that a record review by the St. Charles Parish Sheriff's Office yielded 255 results for the search terms "Gilboy" and "marijuana," 84

---

[6] R. Doc. 71.
[7] *Id.*
[8] *See, e.g.*, R. Docs. 72, 82, 93, 100, 105, 107, 109, 114, 120, 129.
[9] R. Doc. 130.
[10] R. Doc. 114.
[11] *See* R. Doc. 130-1 at p. 1 n.1.

results for the search terms "Gilboy" and "odor of marijuana," 169 results for the search terms "Gilboy" and "odor" and "marijuana," and 117 results for "Gilboy" and "detected" and "odor" and "marijuana."[12] Moreover, the term "Gilboy" alone yielded 2374 results.[13]

On December 28, 2023, the Magistrate Judge emailed counsel for the parties informing them that she was ordering the Sheriff's Office to review the 84 results responsive to the search terms "Gilboy" and "odor of marijuana" and provide any reports "that involve Gilboy smelling/detecting the odor of marijuana."[14] On January 2, 2024, the Magistrate Judge formalized the terms of her December 28, 2023 email to the parties in a written order.[15] In that Order, the Magistrate Judge explained that review and production of the 84 records "balances the importance of the information plaintiff seeks against the burden of production."[16] The Magistrate Judge further explained that the "Plaintiff is not entitled to a complete response to his initial request because the burden of such a response is disproportionate to the needs of the case," and that the production "will provide plaintiff with a sampling of prior incidents where Gilboy has detected the odor of marijuana."[17] Finally, the Magistrate Judge noted that the "additional benefit of obtaining every single instance in which he has done so [detected marijuana] is minimal."[18] On January 11, 2024, the Magistrate Judge again addressed the issue in an Order granting in part and

---

[12] *See* R. Doc. 130-2 at p. 2.
[13] *Id.*
[14] *See* R. Doc. 130-3.
[15] R. Doc. 114.
[16] *Id.*
[17] *Id.*
[18] *Id.*

denying in part the Sheriff's Office's Motion to Quash and/or Motion for Protective Order regarding Subpoena Duces Tecum, explaining that the Court "stands by its earlier finding that additional production of reports is not proportional with the needs of the case."[19]  In total, the Sheriff's Office provided the Plaintiff with 58 reports in which Gilboy claims to have detected the odor of marijuana.[20]

Otkins timely filed the present Motion to Review the Magistrate Judge's Order on January 16, 2024, arguing that the Magistrate Judge clearly erred in not ordering the Sheriff's Office to review and produce all 255 results responsive to the search terms "Gilboy" and "marijuana" and only requiring production of the 84 results responsive to the search terms "Gilboy" and "odor of marijuana."[21]  Otkins argues that the Magistrate Judge failed to properly apply the Fifth Circuit's Rule 45 "undue burden" test, failed to properly apply Rule 26's test for relevance in the context of a Rule 45 subpoena, and failed to provide a justification for ordering only a "sampling" of responsive documents when the Plaintiff has a "need" for all responsive documents.[22]  In conclusion, Otkins ask the Court to order the Sheriff's Office to immediately produce all 255 results responsive to the search terms "Gilboy" and "marijuana" and to order the parties to confer regarding the precise search terms used.[23]

---

[19] R. Doc. 129.
[20] The remainder of the 84 results included reports where Gilboy himself did not claim to have smelled marijuana.  *See* R. Doc. 130-1 at p. 2.
[21] R. Doc. 130.
[22] R. Doc. 130-1 at p. 7.
[23] R. Doc. 130.

The Defendant, Jack Gilboy, and Greg Champagne, in his official capacity as Sheriff of St. Charles Parish, filed a response in opposition to the Motion, arguing that the Plaintiff appealed the wrong order of the Magistrate Judge and that the Plaintiff wrongly suggests that the Sheriff's Office has withheld unfavorable documents and misrepresented the time and expense required to comply with the subpoena.[24] Gilboy and Champagne maintain that the benefits of any further discovery to the Plaintiff are minimal and urge the Court to deny the Plaintiff's Motion.[25]

## II. LEGAL STANDARD

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with the exception of certain matters not relevant here.[26] Any party dissatisfied with a magistrate judge's order on a non-dispositive matter "may serve and file objections to the order within 14 days after being served with a copy."[27] Local Rule 72.2 provides that objections to a magistrate judge's order must be made via filing a "motion to review a magistrate judge's order."[28] "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[29]

---

[24] R. Doc. 137.
[25] *Id.*
[26] 28 U.S.C. § 636(b)(1)(A).
[27] Fed. R. Civ. P. 72(a).
[28] Local Rule 72.2.
[29] 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

## III.    ANALYSIS

Under Federal Rule of Civil Procedure 45, a person may move to quash or modify a subpoena if it subjects a person to an undue burden.[30] The Fifth Circuit has directed courts to consider six factors to determine whether a subpoena presents an undue burden: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."[31] "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."[32] "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[33]

Here, the Magistrate Judge did not quash Otkins' subpoena request to the St. Charles Parish Sheriff's Office; rather, the Magistrate Judge ordered the Sheriff's Office to review and produce 84 results responsive to the search terms "Gilboy" and "odor of marijuana."[34] In denying Otkins' request that she order the Sheriff's Office to review and produce all 255 results responsive to the search terms "Gilboy" and

---

[30] Fed. R. Civ. P. 45(d)(3)(A)(iv).
[31] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)).
[32] *Id.* (quoting *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998))
[33] *Id.* (citing *Williams*, 178 F.R.D. at 109).
[34] *See* R. Doc. 114. On January 11, 2024, the Magistrate Judge issued an Order granting in part and denying in part the Sheriff's Office's Motion to Quash the Subpoena Duces Tecum in which the Magistrate Judge incorporated the findings in her earlier Order in R. Doc. 114 as to the required review and production of 84 results. *See* R. Doc. 129 at p. 7. Although, as Defendant points out, the Plaintiff has not moved to appeal that Order, the Court finds that because the latter Order incorporates the earlier Order, Plaintiff's Motion is properly before the Court.

"marijuana," the Magistrate Judge explained that the "burden of such a response is disproportionate to the needs of the case," and that the "additional benefit of obtaining every single instance in which he has done so is minimal."[35] While the Magistrate Judge did not explicitly cite the factors considered by courts in determining whether a Rule 45 subpoena is unduly burdensome, the record makes clear that the Magistrate Judge considered the factors and ruled accordingly.[36] This was not a clearly erroneous decision or one contrary to law.

Otkins contends that the Magistrate Judge improperly relieved the Sheriff's Office of demonstrating that producing the 255 documents requested would cause an actual burden. Otkins faults the Magistrate Judge for relying on the representations made in an email sent to the Court by counsel for the Defendant and Sheriff's Office regarding the actual burden of production and for not requiring the Sheriff's Office to provide sworn testimony or affidavits.[37] Neither Rule 45 nor any governing caselaw, however, require a person alleging an actual burden to demonstrate such burden through affidavit or sworn testimony. Accordingly, it follows that it cannot be legal error for the Magistrate Judge to have not required such evidence here. Further, where, as here, "the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[38] The Magistrate Judge therefore appropriately took into consideration the expense and inconvenience to the Sheriff's Office in declining to order a full production of all 255

---

[35] *Id.*
[36] *See id.*
[37] *See* R. Doc. 130-1 at pp. 7–9.
[38] *Wiwa*, 392 F.3d at 818 (citing *Williams*, 178 F.R.D. at 109).

potentially relevant reports.  Moreover, the Court does not find the Sheriff's Office's claims of actual burden to be the type of unspecified, generalized claim of burdensomeness which some courts have found deficient for purposes of challenging a subpoena.[39]  Here, the Sheriff's Office has provided estimates as to the length of time and possible costs of reviewing and providing the requested documents.[40] Otkins has not demonstrated that the Magistrate Judge committed clear error or that the Order was contrary to law.

Next, Otkins claims that the Magistrate Judge erred in evaluating the relevance of the requested information under Federal Rule of Civil Procedure 26(b)(1).  Otkins contends that the Magistrate Judge "improperly relieved" the Sheriff's Office "of its burden to show that the requested information was not relevant, and instead merely balanced 'the importance of the information the plaintiff seeks against the burden of production.'"[41]  The Court can discern no error on the part of the Magistrate Judge here.  The Magistrate Judge did not find that Otkins' request was irrelevant.  Instead, the Magistrate Judge found that despite the relevance of such request, the relevance was outweighed by Otkins' limited need for the additional documents and the burden of producing the documents.[42]  In other words, the Magistrate Judge appropriately applied the Rule 45 factors.  Moreover, the Sheriff's Office did not have to demonstrate that Otkins' request was irrelevant in order to

---

[39] *Heller v. City of Dallas*, 303 F.R.D. 466, 490–91 (N.D. Tex. 2014) (explaining that boilerplate objections of burdensomeness lacking any evidence of the nature of the burden are insufficient to demonstrate an undue burden).
[40] *See* R. Doc. 130-3 at p. 2.
[41] R. Doc. 130-1 at p. 10.
[42] *See* R. Doc. 114.

limit the scope of his request. Relevance is but one factor considered in the Rule 45 undue burden analysis. Further, Otkins' argument as to the proportionality factors of Rule 26 is not relevant here and appears to conflate the Rule 26 factors with Rule 45's relevancy factor. The Rule 26 proportionality factors do not bear on whether a particular document is relevant or not.[43] Nor do those factors directly relate to whether a Rule 45 subpoena is unduly burdensome, although the Court notes the overlap in some of the relevant factors.[44]

Finally, Otkins faults the Magistrate Judge for requiring the Sheriff's Office to produce only a "sampling" of reports mentioning Gilboy's detection of marijuana because of the "potential that the most damaging reports have been withheld."[45] Again, the Court does not find that the Magistrate Judge's Order compelling the Sheriff's Office to review and produce 84 responsive results rather than the 255 results requested by Plaintiff was "clearly erroneous or contrary to law." The Magistrate Judge recognized the possibility that the additional records yielded by the search terms "Gilboy" and "marijuana" would provide greater evidence as to prior incidents where Gilboy claimed to have detected the odor of marijuana.[46] Nevertheless, the Magistrate Judge concluded that in assessing the relevant Rule 45 undue burden factors the "additional benefit of obtaining every single instance in

---

[43] Relevancy is a necessary but not sufficient condition for obtainable discovery under Rule 26(b)(1). The so-called proportionality factors cabin which otherwise relevant matters are discoverable.
[44] For example, Rule 26(b)(1) directs a court to consider the burden or expense of the proposed discovery and the importance of the information. Likewise, Rule 45 considers the need for the information requested and the burden to the person in complying with the subpoena.
[45] R. Doc. 130-1 at pp. 11–14.
[46] *See* R. Doc. 114.

which he has done so is minimal."[47]  The Court agrees with the Magistrate Judge that forcing the Sheriff's Office to comb through their records to find every instance where Defendant Gilboy smelled marijuana is "disproportionate to the needs of the case."[48]

Further, the Court finds no merit to Otkins' suggestion that the Sheriff's Office has intentionally withheld damaging reports from Otkins and from the Court.[49] Otkins provides no basis in fact or logic that by using the search terms "Gilboy" and "odor of marijuana" the Sheriff's Office is able to conceal unfavorable records which otherwise would appear with the search terms "Gilboy" and "marijuana."  That is, there is no reason to believe that the 84 reports yielded by the search terms "Gilboy" and "odor of marijuana" are any more or less "favorable" to Gilboy than the 255 reports yielded by the search terms "Gilboy" and "marijuana."  The Court rejects as baseless Otkins' contention that the Sheriff's Office has deliberately withheld "damaging reports" and "highly critical evidence in support of Plaintiff's claims."[50]

In sum, the Court finds that upon a review of the record and the Magistrate Judge's Order compelling the Sheriff's Office to review and turn over 84 records to the Plaintiff, Plaintiff has failed to demonstrate that the Magistrate Judge's Order was "clearly erroneous or contrary to law."  In denying Plaintiff's request to have the Sheriff's Office turn over all 255 results yielded by the search terms "Gilboy" and "marijuana," the Magistrate Judge correctly applied the factors considered by courts

---

[47] *Id.*
[48] *Id.*
[49] *See* R. Doc. 130-1 at pp. 11–14.
[50] *Id.* at pp. 12, 14. The Court goes further to remind counsel of its professional obligations in candor to the Court.  Plaintiff has not provided any evidence to support its baseless accusations of deliberate withholding of documents.

in the Fifth Circuit as to whether a Rule 45 subpoena to a non-party poses an "undue burden." Finding no error, the Court denies Plaintiff's Motion for Review.

## IV. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that the Plaintiff's Objection to Magistrate Judge's Order Limiting Compliance With Non-Party Subpoena Duces Tecum Issued to the St. Charles Parish Sheriff's Office is **DENIED**.

New Orleans, Louisiana, February 1, 2024.

**WENDY B. VITTER**
**United States District Judge**