UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDRIC OTKINS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1275** |
| **SERGEANT JACK GILBOY, ET AL.** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is a Partial Motion for Summary Judgment filed by the Plaintiff, Cedric Otkins.[1] The Defendant, Jack Gilboy, opposes the Motion.[2] The Plaintiff filed a reply in support of his Motion.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** Plaintiff's Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously discussed the general factual background of this case at length in its Order and Reasons granting the Defendants' Motion for Summary Judgment and incorporates that background discussion here.[4] Summarized briefly, Plaintiff Cedric Otkins ("Otkins") filed this civil rights action alleging that he was unconstitutionally stopped and arrested in violation of his Fourth Amendment right to be free from unreasonable search and seizure. On July 1, 2020, at around 10:40 p.m., Otkins was sitting alone in his parked car at the East Bank Bridge Park in St. Charles Parish, Louisiana when he was approached by Officer Jack Gilboy ("Gilboy")

---

[1] R. Doc. 135.
[2] R. Doc. 141.
[3] R. Doc. 148.
[4] *See* R. Doc. 58 at pp. 1–7.

of the St. Charles Parish Sheriff's Office. Officer Gilboy claimed that he smelled marijuana emanating from Otkins' vehicle after Otkins exited his vehicle. Officer Gilboy then called for backup, including a K-9 unit. The drug-sniffing dog alerted for the presence of drugs in Otkins' car and a subsequent search by officers with the St. Charles Parish Sheriff's Office ("Sheriff's Office") revealed twenty grams of marijuana, including a brown hand rolled marijuana cigar, a firearm, a glass smoking pipe, a grinder, and a digital scale with green vegetable-like matter. Otkins was arrested and charged with violations of La. R.S. 14:95 ("Illegal Carrying of a Weapon in the Presence of a Controlled Dangerous Substance"), La. R.S. 40:1023 ("Possession or Distribution of Drug Paraphernalia"), and La. R.S. 40:966 ("Possession with the Intent to Distribute"). Plaintiff participated in a Pretrial Intervention Program with the District Attorney's Office to resolve his criminal charges.[5] Plaintiff subsequently filed this 42 U.S.C. § 1983 claim against several individuals, including Officer Gilboy.

This Court granted the Defendants' Motion for Summary Judgment in Support of Qualified Immunity, finding that the Defendants were entitled to qualified immunity on the basis that no violation of Otkins' Fourth Amendment rights had taken place.[6] On October 31, 2023, the United States Court of Appeals for the Fifth Circuit vacated this Court's Order granting summary judgment to Defendant Jack Gilboy, finding that genuine issues of material fact precluded summary judgment on qualified immunity as to Gilboy.[7] The Fifth Circuit affirmed the granting of summary

---

[5] R. Doc. 1 at ¶ 38.
[6] *Id.*
[7] R. Doc. 71.

judgment as to all other Defendants.[8]

In the instant Motion, Plaintiff requests that this Court deny the Defendant's qualified immunity defense on the grounds that the original text of 42 U.S.C. § 1983 does not allow for such defense.[9] Plaintiff argues that the original version of Section 1983 enacted by the Reconstruction-era Congress in 1871 contained language unequivocally rejecting common law immunity doctrines but that that language was inexplicably omitted from the text of Section 1983 upon the first compilation of the United States Code in 1874. Plaintiff therefore contends that the Supreme Court has erred in developing the qualified immunity doctrine as no such immunity exists under the original statute passed by Congress. Accordingly, Plaintiff asks the Court to preclude the Defendant from raising a qualified immunity defense in this case.

The Defendant filed a response in opposition to the Motion, first arguing that the Plaintiff's Motion should be barred by the doctrine of issue preclusion as the Plaintiff never raised such issues prior to the Fifth Circuit's ruling in this matter, and then arguing that the Supreme Court has rejected the view that Section 1983 displaces common-law principles such as immunity doctrines.[10] The Defendant points out that time and again the Supreme Court has reaffirmed the existence of the qualified immunity doctrine in Section 1983 cases. Accordingly, the Defendant asks

---

[8] *Id.*
[9] R. Doc. 135.
[10] R. Doc. 141.

the Court to follow binding Supreme Court precedent and to deny the Plaintiff's Motion.

## II.     LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11]  A dispute is "genuine" if it is "real and substantial, as opposed to merely formal, pretended, or a sham."[12]  Further, a fact is "material" if it "might affect the outcome of the suit under the governing law."[13]  When assessing whether a genuine dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[14]  While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[15]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[16]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would

---

[11] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[12] *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)).
[13] *Liberty Lobby*, 477 U.S. at 248.
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted).
[15] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[16] *Id.* at 399 (citing *Liberty Lobby*, 477 U.S. at 248).

entitle it to a directed verdict if the evidence went uncontroverted at trial."[17] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[18] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[19] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[20]

### III. ANALYSIS

It is central to our entire federal judicial system that federal district courts must faithfully apply binding circuit court and Supreme Court precedents. Here, Plaintiff asks this Court to ignore decades of binding Fifth Circuit and Supreme Court caselaw and to unilaterally amend 42 U.S.C. § 1983 to include language that Congress has not seen fit—in nearly 150 years—to add. This Court cannot ignore the firmly established law of the land in favor of amicus briefs, scholarly articles, and

---

[17] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).
[18] *Id.* at 1265.
[19] *See Celotex*, 477 U.S. at 322–23.
[20] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

concurring and dissenting opinions.[21] After all, "'[c]omments in a dissenting opinion' about legal principles and precedents 'are just that: comments in a dissenting opinion.'"[22] The veracity and strength of Plaintiff's historical arguments are of no import; federal district courts cannot disregard binding decisions of the appellate courts and of the Supreme Court.[23] The Court finds no reason to wade into the various legal and historical arguments raised by the parties as the law is clear cut. As Plaintiff recognizes, the qualified immunity doctrine is available as a matter of law to the Defendant under the currently prevailing interpretation of Section 1983.[24] Accordingly, the Court denies the Plaintiff's Motion.

## IV. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that the Plaintiff's Partial Motion for Summary Judgment[25] is **DENIED**.

New Orleans, Louisiana, March 7, 2024.

*Wendy B. Vitter* (signature)
**WENDY B. VITTER**
**United States District Judge**

---

[21] *See, e.g.*, *Villarreal v. City of Laredo, Texas*, No. 20-40359, —F.4th—, 2024 WL 244359, at *22–24 (5th Cir. Jan. 23, 2024) (Willett, J., dissenting); *Rogers v. Jarrett*, 63 F.4th 971, 979–81 (5th Cir. 2023) (Willett, J., concurring).
[22] *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498 (2020) (quoting *Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 177, n. 10 (1980)) (cleaned up).
[23] *Cf. Consumers' Rsch. v. Consumer Prod. Safety Comm'n*, 91 F.4th 342, 346 (5th Cir. 2024) ("As middle-management circuit judges, we must follow binding precedent, even if that precedent strikes us as out of step with prevailing Supreme Court sentiment.").
[24] The Fifth Circuit implicitly affirmed the viability of the qualified immunity defense just last week when it denied rehearing en banc a panel decision affirming a district court's granting of qualified immunity to a police officer. *See Argueta v. Jaradi*, No. 22-40781, —F.4th—, 2024 WL 853318 (5th Cir. Feb. 29, 2024).
[25] R. Doc. 135.