UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDRIC OTKINS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1275** |
| **SERGEANT JACK GILBOY, ET AL.** | **SECTION: D (1)** |

### ORDER AND REASONS

Before the Court is a Motion for Review of Magistrate Judge's Order filed by the Plaintiff, Cedric Otkins.[1] The Defendant, Jack Gilboy, and Greg Champagne, in his official capacity as Sheriff of St. Charles Parish, oppose the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court finds that the Magistrate Judge's Order is not "clearly erroneous or contrary to law" and therefore **DENIES** Plaintiff's Motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously discussed the general factual background of this case at length in its Order and Reasons granting the Defendants' Motion for Summary Judgment and incorporates that background discussion here.[3] Summarized briefly, Plaintiff Cedric Otkins ("Otkins") filed this civil rights action alleging that he was unconstitutionally stopped and arrested in violation of his Fourth Amendment right to be free from unreasonable search and seizure. On July 1, 2020, at around 10:40 p.m., Otkins was sitting alone in his parked car at the East Bank Bridge Park in St. Charles Parish, Louisiana when he was approached by Officer Jack Gilboy ("Gilboy")

---

[1] R. Doc. 138.
[2] R. Doc. 149.
[3] *See* R. Doc. 58 at pp. 1–7.

of the St. Charles Parish Sheriff's Office. Officer Gilboy claimed that he smelled marijuana emanating from Otkins' vehicle after Otkins exited his vehicle. Officer Gilboy then called for backup, including a K-9 unit. The drug-sniffing dog alerted for the presence of drugs in Otkins' car and a subsequent search by officers with the St. Charles Parish Sheriff's Office ("Sheriff's Office") revealed twenty grams of marijuana, including a brown hand rolled marijuana cigar, a firearm, and drug paraphernalia including a glass smoking pipe, a grinder, and a digital scale with green vegetable-like matter. Otkins was arrested and charged with violations of La. R.S. 14:95 ("Illegal Carrying of a Weapon in the Presence of a Controlled Dangerous Substance"), La. R.S. 40:1023 ("Possession or Distribution of Drug Paraphernalia"), and La. R.S. 40:966 ("Possession with the Intent to Distribute"). Plaintiff participated in a Pretrial Intervention Program with the District Attorney's Office to resolve his criminal charges.[4] Plaintiff subsequently filed this 42 U.S.C. § 1983 claim against several individuals, including Officer Gilboy.

This Court granted the Defendants' Motion for Summary Judgment in Support of Qualified Immunity, finding that the Defendants were entitled to qualified immunity on the basis that no violation of Otkins' Fourth Amendment rights had taken place.[5] On October 31, 2023, the United States Court of Appeals for the Fifth Circuit vacated this Court's Order granting summary judgment to Defendant Jack Gilboy, finding that genuine issues of material fact precluded summary judgment on

---

[4] R. Doc. 1 at ¶ 38.
[5] *Id.*

qualified immunity as to Gilboy.[6]  The Fifth Circuit affirmed the granting of summary judgment as to all other Defendants.[7]

Since this case returned to the Court's docket, the parties have had numerous disputes regarding the proper scope of discovery.[8]  In the instant Motion[9], Otkins again seeks review of the Magistrate Judge's discovery Order in this action. Specifically, Otkins appeals the Magistrate Judge's January 11, 2024 Order granting in part and denying in part the Sheriff's Office's Motion to Quash and/or Motion for Protective Order regarding Subpoena Duces Tecum and 30(b)(6) Deposition Notice.[10] Relevant here, in that Order the Magistrate Judge found that the Sheriff's Office did not need to respond to Otkins' Request No. 2 seeking additional sections of St. Charles Parish Sheriff's Office Policy and Guidelines Manual (the "Sherriff's Office Manual") because those additional sections are not relevant to Otkins' claims.[11]  Further, the Magistrate Judge quashed Otkins' Request No. 3 seeking the training officer daily observation reports or any other report by Officer Roth regarding Officer Pearse's performance during the incident on the ground that the request was moot because the Sheriff's Office has confirmed that no such reports exist.[12]  Finally, the Magistrate Judge quashed Topics No. 8 and 9 of the Sheriff's Office's Rule 30(b)(6) deposition

---

[6] R. Doc. 71.
[7] *Id.*
[8] *See, e.g.*, R. Docs. 72, 82, 93, 100, 105, 107, 109, 114, 120, 129.
[9] R. Doc. 138.
[10] R. Doc. 129.
[11] *Id.* at pp. 5–6.
[12] *Id.* at p. 6.

regarding the Sheriff's Office's policies and procedures and updates thereto as irrelevant.[13]

Otkins timely filed the present Motion for Review of Magistrate Judge's Order on January 25, 2024, arguing that the Magistrate Judge clearly erred in quashing the production of several different chapters of the Sheriff's Office Manual, in quashing the production of daily observation reports or other contemporaneous reports of the incident that may exist, and in quashing the 30(b)(6) deposition of the Sheriff's Office with respect to Topics No. 8 and 9 regarding testimony on the Sheriff's Office's policies and procedure.[14] Otkins argues that the additional sections of the Sherriff's Office Manual are relevant to his claims and that the Magistrate Judge erred in not requiring the Sheriff's Office to turn over such materials. Otkins further argues that the Magistrate Judge erred in not requiring the Sheriff's Office to turn over documents produced by Corporal Roth regarding the performance of Officer Pearse on July 1, 2020 and asks that the Court order the Sheriff's Office to clarify whether "whether documentation pertaining to Officer Pearse's performance, authored by Corporal Roth, as the field training officer of Officer Pearse on July 1, 2020, exists."[15] Lastly, Otkins contends that the Magistrate Judge erred in not allowing for a Rule 30(b)(6) deposition regarding updates to the Sheriff's Office's policies and procedures.

---

[13] *Id.* at p. 10.
[14] R. Doc. 138.
[15] *Id.* at p. 15.

The Defendant, Jack Gilboy, and Greg Champagne, in his official capacity as Sheriff of St. Charles Parish, filed a response in opposition to the Motion, arguing that the sections of the Sheriff's Office Manual sought by Otkins are not relevant to Otkins' claims and that the caselaw cited in support by Otkins pertains only to excessive force claims, not to all search and seizure claims.[16]  As to Corporal Roth's reports regarding Officer Pearse, Gilboy and Champagne argue that any such reports from July 1, 2020 are not relevant to Otkins' claims because they were not present on scene at the time that Gilboy purportedly smelled marijuana and that "there are no reports, observations reports, or otherwise by Deputy Roth regarding Deputy Pearse's performance during the incident."[17]  Finally, Gilboy and Champagne argue that the Magistrate Judge did not err in quashing the 30(b)(6) testimony regarding updates to the Sheriff's Office procedures because any update after July 1, 2020 would be irrelevant as to what Gilboy knew on that date.

## II.   LEGAL STANDARD

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with the exception of certain matters not relevant here.[18]  Any party dissatisfied with a magistrate judge's order on a non-dispositive matter "may serve and file objections to the order within 14 days after being served with a copy."[19]  Local Rule 72.2 provides that objections to a magistrate judge's order must be made via filing a "motion to review a magistrate judge's

---

[16] R. Doc. 149.
[17] *Id.* at p. 7.
[18] 28 U.S.C. § 636(b)(1)(A).
[19] Fed. R. Civ. P. 72(a).

order."[20]  "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[21]

## III. ANALYSIS

Under Federal Rule of Civil Procedure 45, a person may move to quash or modify a subpoena if it subjects a person to an undue burden.[22]  The Fifth Circuit has directed courts to consider six factors to determine whether a subpoena presents an undue burden: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed."[23]  "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."[24] "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[25]

Otkins' first assignment of error concerns his request that certain sections of the Sheriff's Office Manual be turned over for him to review.  The Magistrate Judge reviewed the titles of the sections of the Manual sought by Otkins and concluded that

---

[20] Local Rule 72.2.
[21] 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").
[22] Fed. R. Civ. P. 45(d)(3)(A)(iv).
[23] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)).
[24] *Id.* (quoting *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998))
[25] *Id.* (citing *Williams*, 178 F.R.D. at 109).

they were irrelevant to Otkins' claims, thereby denying Otkins' request. The Court finds no error in the Magistrate Judge's Order. The Magistrate Judge correctly identified the relevant issues in this case, whether Gilboy believed he smelled marijuana thereby furnishing probable cause to search Otkins' vehicle, and appropriately concluded that the highlighted portions of the Manual did not bear on the issues. The Court has independently reviewed the titles of the various sections sought by Otkins, and provided by Otkins in his briefing, and agrees that they have no relevance to the claims in this case.[26]

Although Otkins relies on the Fifth Circuit's opinion in *Darden v. City of Fort Worth, Texas*[27] for his contention that violation of police department policies is relevant to the determination of the reasonableness an officer's actions, the Court notes that that case involved a claim for excessive force, not for unlawful search or unlawful prolonging of a traffic stop.[28] Depending on the facts of a case, violation of a department policy may be relevant to whether an officer's level of force was excessive in light of the circumstances but does not in itself have any relevance to whether an officer has probable cause to effect an arrest. Probable cause is an objective standard; an officer's subjective intent does not invalidate otherwise lawful conduct.[29] Whether or not Gilboy complied with the policies and procedures contained in the Sheriff's Office Manual has no bearing on whether he had probable cause to arrest Otkins and search his vehicle. Here, whether Gilboy smelled

---

[26] *See* R. Doc. 138 at p. 12 (listing the titles of the sections sought by Otkins).
[27] 880 F.3d 722 (5th Cir. 2018).
[28] *Id.* at 732 n.8.
[29] *See Whren v. United States*, 517 U.S. 806, 813 (1996).

marijuana emanating from Otkins' car does not depend on or have any relation to any policy or procedure possibly contained in the Sheriff's Office Manual. It was not clearly erroneous or contrary to law to quash the subpoena request for the additional sections of the Sheriff's Office Manual.

Next, the Court finds no error in the Magistrate Judge's conclusion that the Sheriff's Office need not respond to Otkins' request for any reports by Officer Roth regarding Officer Pearse's performance on July 1, 2020. The Magistrate Judge based her finding on the Sheriff's Office's representation that no such reports exist and that Otkins is in possession of all reports regarding the arrest.[30] Otkins argues that the Magistrate Judge made a factual error in concluding that the Sheriff's Office confirmed that no records responsive to Otkins' request exist. The Court can discern no error here where the Sheriff's Office affirmed that no such daily observation reports exist and that Otkins "is in possession of all reports regarding the arrest."[31] Contrary to Otkins' contention, there is nothing inconsistent or "perplexing" about these two statements. Otkins can be in possession of all relevant records from his arrest and there can exist no reports regarding Officer Pearse's performance. Further, in their response in opposition to the Motion, Gilboy and Champagne state that "there are no reports, observation reports, or otherwise by Deputy Roth regarding Deputy Pearse's performance during the incident."[32] To the extent that

---

[30] R. Doc. 129 at p. 6.
[31] R. Doc. 121 at p. 6.
[32] R. Doc. 149 at p. 7.

Otkins seeks clarification of the Sheriff's Office's prior representations, that request is now moot.

Finally, the Court finds no error in the Magistrate Judge's quashing of the Rule 30(b)(6) deposition regarding the policies and procedures and any updates thereto of the Sheriff's Office. As the Court explained above, such topics are not relevant to the claims asserted in this matter. Moreover, whether the policies and procedures have been updated since July 1, 2020 has no bearing on whether Gilboy violated Otkins' Fourth Amendment rights on July 1, 2020. The Court concludes that the Magistrate Judge's ruling on this issue was not clearly erroneous or contrary to the law.

Finding no error, the Court denies Plaintiff's Motion for Review.

### IV. CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Review of Magistrate Judge's Order[33] is **DENIED**.

New Orleans, Louisiana, March 8, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[33] R. Doc. 138.