UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDRIC OTKINS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1275** |
| **SERGEANT JACK GILBOY, ET AL.** | **SECTION: D (1)** |

ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by the Defendants, Jack Gilboy, William Roth, Barrett Pearse, and Joshua Deroche.[1] The Plaintiff, Cedric Otkins, opposes the Motion.[2] The Defendants filed a reply in support of their Motion.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** Defendants' Motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously discussed the general factual background of this case at length in its Order and Reasons granting the Defendants' Motion for Summary Judgment and incorporates that background discussion here.[4] Summarized briefly, Plaintiff Cedric Otkins ("Otkins") filed this civil rights action alleging that he was unconstitutionally stopped and arrested in violation of his Fourth Amendment right to be free from unreasonable search and seizure.  On July 1, 2020, at around 10:40 p.m., Otkins was sitting alone in his parked car at the East Bank Bridge Park in St. Charles Parish, Louisiana when he was approached by Officer Jack Gilboy ("Gilboy")

---

[1] R. Doc. 144.
[2] R. Doc. 153.
[3] R. Doc. 156.
[4] *See* R. Doc. 58 at pp. 1–7.

of the St. Charles Parish Sheriff's Office. Officer Gilboy claimed that he smelled marijuana emanating from Otkins' vehicle after Otkins exited his vehicle. Officer Gilboy then called for backup, including a K-9 unit. The drug-sniffing dog alerted for the presence of drugs in Otkins' car and a subsequent search by officers with the St. Charles Parish Sheriff's Office ("Sheriff's Office") revealed twenty grams of marijuana, including a brown hand rolled marijuana cigar, a firearm, a glass smoking pipe, a grinder, and a digital scale with green vegetable-like matter. Otkins was arrested and charged with violations of La. R.S. 14:95 ("Illegal Carrying of a Weapon in the Presence of a Controlled Dangerous Substance"), La. R.S. 40:1023 ("Possession or Distribution of Drug Paraphernalia"), and La. R.S. 40:966 ("Possession with the Intent to Distribute"). Plaintiff participated in a Pretrial Intervention Program with the District Attorney's Office to resolve his criminal charges.[5] Plaintiff subsequently filed this 42 U.S.C. § 1983 claim against Defendants Barrett Pearse, William Roth, Joshua Deroche, and Jack Gilboy, each an officer with the St. Charles Parish Sheriff's Office. Plaintiff alleged unreasonable search and seizure under the Fourth Amendment as well as state law claims of intentional ("IIED") and negligent ("NIED") infliction of emotional distress.[6]

This Court granted the Defendants' Motion for Summary Judgment in Support of Qualified Immunity, finding that all of the Defendants were entitled to qualified immunity on the basis that no violation of Otkins' Fourth Amendment rights had

---

[5] R. Doc. 1 at ¶ 38.
[6] *Id.* at ¶¶ 40–58.

taken place.[7] On October 31, 2023, the United States Court of Appeals for the Fifth Circuit vacated this Court's Order granting summary judgment to Defendant Jack Gilboy, finding that genuine issues of material fact precluded summary judgment on qualified immunity as to Gilboy.[8] The Fifth Circuit affirmed the granting of summary judgment as to all other Defendants.[9]

In the instant Motion, Defendants move for summary judgment on Plaintiff's state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress asserted against Defendant Gilboy and, to the extent that the other officers remain in the case, which Defendants dispute, Defendants Roth, Pearse, and Deroche.[10] Defendants argue that their conduct was not sufficiently "outrageous" to constitute the intentional infliction of emotional distress and that Plaintiff has failed to demonstrate that he suffered severe emotional distress in response to Defendants' actions. Plaintiff filed a response in opposition to the Motion, disputing whether summary judgment is appropriate on his state law claims and arguing that Defendants' Motion is procedurally improper as it was untimely filed.[11] As to the merits, Plaintiff argues that genuine factual disputes about the conduct of the Defendants and the extent of Plaintiff's emotional injuries preclude the granting of summary judgment at this point. Plaintiff additionally argues that the Court

---

[7] *Id.*
[8] R. Doc. 71.
[9] *Id.*
[10] *See* R. Doc. 144
[11] *See* R. Doc. 153.

should deny the Motion because the Defendants did not timely file the Motion and have failed to provide good cause for their untimeliness.

The Defendants filed a reply in support of their Motion in which they principally address the timeliness of their Motion, arguing that they believed that the Court's Scheduling Order did not provide a deadline to file Rule 56 motions and that they were unaware that Plaintiff's state law claims still persisted until after the deadline to file dispositive motions had lapsed.[12] As to the merits of Plaintiff's claims, the Defendants largely reiterate their prior arguments that their conduct was not sufficiently outrageous to support an IIED claim and that Plaintiff's emotional distress is not severe. Defendants further argue that Plaintiff has failed to provide any evidence in support of his allegations against Defendants Roth, Pearse, and Deroche and therefore that the claims against those Defendants must be dismissed.

## II. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] A dispute is "genuine" if it is "real and substantial, as opposed to merely formal, pretended, or a sham."[14] Further, a fact is "material" if it "might affect the outcome of the suit under the governing law."[15] When assessing whether a genuine dispute regarding any material fact

---

[12] *See* R. Doc. 156.
[13] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[14] *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)).
[15] *Liberty Lobby*, 477 U.S. at 248.

exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[16] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[17] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[18]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[19] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[20] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[21] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to

---

[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted).
[17] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[18] *Id.* at 399 (citing *Liberty Lobby*, 477 U.S. at 248).
[19] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).
[20] *Id.* at 1265.
[21] *See Celotex*, 477 U.S. at 322–23.

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[22]

## III. ANALYSIS

### A. State Law Claims Against Defendants Roth, Pearse & Deroche

The Defendants move to dismiss any and all state law claims that the Plaintiff may have against Defendants William Roth, Barrett Pearse, and Joshua Deroche. In the Pretrial Order, and during the Pretrial Conference, the Plaintiff confirmed that he is no longer asserting any claims against Defendant Deroche. As such, the Court, without objection, grants Plaintiff's oral motion to dismiss any claims against Deroche. Plaintiff further advised that he is only asserting a state law claim for negligent infliction of emotional distress against Defendants William Roth and Barrett Pearse, and not one for intentional infliction of emotional distress.[23] Plaintiff argues that the Court's original Order and Reasons granting summary judgment to the Defendants pertained only to Plaintiff's Section 1983 claims and thus that the Fifth Circuit's affirmance as to Defendants Roth, Pearse, and Deroche did not affect Plaintiff's state law claims against those same Defendants.

Upon review of the entire record in this case, including the Court's Order and Reasons granting qualified immunity to the Defendants, the Court's Judgment, and the mandate of the Fifth Circuit, the Court finds that the Plaintiff has no pending claims against Defendants Roth, Pearse, and Deroche. Accordingly, the Court finds

---

[22] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).
[23] *See* R. Doc. 158 at p. 2 (listing the remaining defendants).

Defendants' Motion for Summary Judgment moot as to Defendants Roth, Pearse, and Deroche.

Plaintiff's initial Complaint alleged causes of action against all Defendants for unreasonable search and unreasonable seizure in violation of the Fourth Amendment under 42 U.S.C. § 1983 and for IIED and NIED under Louisiana law.[24] The Defendants answered Plaintiff's Complaint by asserting the defense of qualified immunity as to all of Plaintiff's claims.[25] On January 10, 2022, this Court issued a Qualified Immunity Scheduling Order narrowing the scope of discovery and ordering the Plaintiff to file a reply pursuant to Fed. R. Civ. P. 7(a) to the Defendants' assertion of qualified immunity as to Plaintiff's claims.[26] The Plaintiff timely filed his Rule 7(a) reply, never addressing his NIED or IIED claims.[27]

At the end of the qualified immunity discovery period, the Defendants filed a Rule 56 Motion for Summary Judgment in Support of Qualified Immunity asking the Court to find that the Defendants are entitled to qualified immunity and to dismiss Plaintiff's Complaint in its entirety.[28] As Plaintiff points out, that motion never addressed Plaintiff's NIED and IIED claims.[29] Nevertheless, the relief sought by the Defendants—the dismissal of all of Plaintiff's claims—necessarily encompassed his

---

[24] *See* R. Doc. 1 at ¶¶ 40–58.
[25] *See* R. Docs. 15 & 22.
[26] *See* R. Doc. 34.
[27] *See* R. Doc. 35.
[28] *See* R. Doc. 47.
[29] *See id.*; *see also* R. Doc. 47-1.

NIED and IIED claims.[30]  Likewise, the Plaintiff did not bring up his NIED or IIED claims in his response in opposition to the motion.[31]

On October 27, 2022, this Court granted the Defendants' summary judgment motion, finding that the Defendants were entitled to qualified immunity.[32]  Shortly thereafter, the Court issued its Judgment dismissing with prejudice all of the Plaintiff's claims asserted against the Defendants in his Complaint.[33]  Plaintiff did not file any motion under Rules 59 and/or 60 to alter or amend the Court's Judgment.  Instead, the Plaintiff timely filed a Notice of Appeal of the Court's Order and Reasons granting qualified immunity and of the Court's Judgment.[34]  On appeal, the Plaintiff never addressed his IIED and NIED claims and did not argue that this Court erred in dismissing those claims.[35]

The United States Court of Appeals for the Fifth Circuit vacated this Court's granting of summary judgment as to Defendant Gilboy and remanded only that portion of the case back to this Court.[36]  "On remand, the only issues properly before the district court [a]re those that arose from the remand."[37]  "All other issues not arising out of [the appeals court's] ruling and not raised in the appeals court, *which*

---

[30] *See* R. Doc. 47 at p. 1.
[31] *See* R. Doc. 49.
[32] *See* R. Doc. 58.
[33] R. Doc. 59.  The Court notes that this relief differs from the relief ordered in the Court's Order and Reasons granting the Defendant's Motion for Summary Judgment.  In that Order, the Court dismissed only the Plaintiff's Section 1983 claims asserted against the Defendants.  *See* R. Doc. 58 at p. 24.  However, the Court's Judgment is in accordance with the specific relief actually sought by the Defendants in their Motion—the dismissal of Plaintiff's entire Complaint.  Moreover, it is the Judgment which controls and constitutes the Court's final appealable Order.  *See* Fed. R. Civ. P. 54.
[34] *See* R. Doc. 61.
[35] *See* 22-30752 USCA Record Docs. 32, 37.
[36] *See* R. Doc. 71.
[37] *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (citing *United States v. Lee*, 358 F.3d 315, 323 (5th Cir. 2004)).

*could have been brought in the original appeal*, are not proper for reconsideration by the district court below."[38] It follows that the only issues properly before the Court following the limited remand in this matter are Plaintiff's claims against Defendant Gilboy. Moreover, the Fifth Circuit affirmed the Court's Order granting summary judgment on all claims to Defendants Pearse, Roth, and Deroche.[39]

In sum, this Court granted the Defendant's Motion for Summary Judgment asking the Court to dismiss the entirety of Plaintiff's Complaint and issued a Judgment dismissing all of Plaintiff's claims against all Defendants, which was affirmed by the Fifth Circuit as to Defendants Pearse, Roth, and Deroche. There is no basis in the record to conclude that Plaintiff's IIED and NIED claims against Roth, Pearse, and Deroche remained without any development for several years only to be rediscovered several weeks before trial. Plaintiff's eleventh-hour attempt to revive long since dismissed state law claims ignores this Court's Order and Judgment as well as the Judgment of the Fifth Circuit which affirmed the Order granting summary judgment as to Pearse, Roth, and Deroche. Under the law of the case doctrine, the Court's prior Judgment dismissing those state law claims against Defendants Pearse, Roth, and Deroche—a ruling affirmed by the Fifth Circuit— remains in effect. Plaintiff had an opportunity to challenge the Defendants' request for summary judgment on the state law claims yet failed to do so. Moreover, the Fifth Circuit remanded this case only as to Plaintiff's claims against Defendant Gilboy.

---

[38] *Lee*, 358 F.3d at 323 (quoting *United States v. Marmolejo*, 139 F.3d 528, 530 (5th Cir. 1998)).
[39] *See* R. Doc. 71.

The Court finds that no state law IIED or NIED claims against Defendants Roth, Pearse, and Deroche remain. Accordingly, Defendants request to dismiss any such claims is moot.

## B.   State Law Claims Against Defendant Gilboy

The Court incorporates by reference the above discussion regarding the history of Plaintiff's state law claims in this lawsuit. As discussed, the Fifth Circuit vacated only the portion of the Court's Order granting summary judgment in favor of Defendant Gilboy and remanded for further proceedings. Although Plaintiff's state law claims were not developed in this Court prior to the Court's Judgment dismissing those claims, and were not addressed in the Plaintiff's appeal, the Court nevertheless finds that the IIED and NIED claims alleged in Plaintiff's Complaint remain pending solely against Defendant Gilboy.

The Court next considers the timeliness of the Defendants' Motion. Per the Court's Amended Scheduling Order, the parties were to file all non-evidentiary pretrial motions to allow for a submission date of February 6, 2024, meaning that any such motions had to be filed by January 22, 2024.[40] Defendants filed the instant Motion on January 30, 2024, over a week late.[41] Defendants argue that they read the Scheduling Order deadline as pertaining only to pre-trial motions addressing expert testimony and believed that the absence of a specific deadline for Rule 56 motions meant that the timing provisions of Rule 56(b) applied.[42]

---

[40] R. Doc. 70; *see also* E.D. La. Local Rule 7.2 ("[M]otions must be filed not later than the fifteenth day preceding the date assigned for submission.").
[41] R. Doc. 144.
[42] *See* R. Doc. 156 at pp. 1–2.

The Court finds Defendants' argument to be without merit. The Scheduling Order specifically provides that all non-evidentiary pretrial motions, such as a motion for summary judgment, must be filed to permit a submission date of February 6, 2024.[43] That the Scheduling Order also gives the same deadline for motions *in limine* regarding the admissibility of expert testimony does not mean that the "non-evidentiary pretrial motions" must also pertain to expert witnesses. Such a reading would be entirely redundant as it would describe the filing of the same type of motion twice. While Defendants are correct that the Court's Qualified Immunity Scheduling Order did specifically provide a deadline to file all Rule 56 motions[44], the Defendants' assumption that the exclusion of such specific language from the Court's general Scheduling Order meant that no such deadline existed is unwarranted. Rather, the deadline for filing Rule 56 motions is contained under the umbrella of the deadline to file all non-evidentiary pretrial motions. This Court concurs with another section of this court which, in response to a similar argument as that raised by the Defendants, explained that "it is clear that dispositive motions for summary judgment are non-evidentiary pretrial motions."[45] The Court further notes that the Court routinely issues scheduling orders with identical language to the Scheduling Order here. In sum, the Defendants untimely filed their Motion. The Court next addresses whether the Defendants have established good cause for their untimeliness.

---

[43] *See* R. Doc. 70.
[44] *See* R. Doc. 34.
[45] *Lamorak Ins. Co. v. Huntington Ingalls, Inc.*, No. CV 15-6265, 2016 WL 5678559, at *3 (E.D. La. Oct. 3, 2016) (Brown, J.); *accord Gaudet v. Howard L. Nations, APC*, No. CV 19-10356-WBV-JVM, 2021 WL 2446203, at *4 (E.D. La. June 15, 2021) (Vitter, J.) (stating that the deadline to file non-evidentiary pretrial motions includes motions for summary judgment).

Federal Rule of Civil Procedure 6(b) allows a court to extend a deadline for good cause upon motion made after the time period has expired if the movant failed to act because of excusable neglect. Requests to modify or extend a deadline contained in a court's scheduling order are governed by Federal Rule of Civil Procedure 16(b)(4).[46] In considering such requests, courts consider: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the requested extension or modification; (3) the potential prejudice to the opposing party in allowing such modification; and (4) the availability of a continuance to cure such prejudice.[47]

Here, the Defendants have not directly addressed each of the factors to be considered by the Court. At most, the Defendants have explained why they did not timely file the Motion. According to the Defendants, they did not file the Motion until after the Plaintiff had brought up his IIED and NIED claims in his January 25, 2024 motion for review of an order of the Magistrate Judge.[48] The Defendants further explain that they did not read the Scheduling Order as requiring dispositive motions to be filed in time to allow for a February 6, 2024 submission date, an argument which, as the Court addressed above, lacks merit. As to Defendants' former argument, the Court recognizes that that there has been little, if any, discussion of Plaintiff's state law claims. That being said, the Court does not find Defendants'

---

[46] Fed. R. Civ. P. 16(b)(4); *see also LFE Distrib. v. State Farm Lloyds*, 16-116, 2018 WL 4103236, at *2 (S.D. Tex. May 30, 2018) ("Federal Rule of Civil Procedure 16(b)(4) governs instances where a party moves to file a dispositive motion after the deadline established by the court's scheduling order.").
[47] *See Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).
[48] *See* R. Doc. 156 at p. 2.

argument persuasive. Defendants should be aware of any and all claims asserted by the Plaintiff in this case. If, as Defendants claim, it was unclear which claims remained, Defendant could have conferred with the Plaintiff before the deadline to file dispositive motions as to the status of the state law claims or, alternatively, requested a status conference with the Court. Even if Defendants were uncertain about whether such state law claims remained, the Defendants could have timely filed their current Motion to resolve the matter. That the Defendants either did not realize or may have believed that Plaintiff's state law claims were no longer at issue does not constitute a sufficient reason for the untimeliness of the present Motion.

Defendants have not addressed any of the other factors the Court considers in the good cause analysis. The Court will not venture to fill in the gaps and speculate about the importance of the requested relief and any potential prejudice where the parties have not provided such information. It is the Defendants' burden to establish good cause for their untimeliness and they have failed to carry that burden. Accordingly, the Court agrees with the Plaintiff that Defendants' untimely Motion for Partial Summary Judgment must be denied as untimely. Because the Motion is untimely, the Court does not address the merits of the arguments raised in it. Absent a compelling showing of good cause, the Court strictly enforces the deadlines in its Scheduling Orders.

## IV.     CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that the Defendants' Motion for Partial Summary Judgment[49] is **DENIED**.

New Orleans, Louisiana, March 13, 2024.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[49] R. Doc. 144.