# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDRIC OTKINS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1275** |
| **SERGEANT JACK GILBOY, ET AL.** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is a Motion to Exclude Defendant's Expert Testimony filed by the Plaintiff, Cedric Otkins.[1]  The Defendant, Jack Gilboy, opposes the Motion.[2]  The Plaintiff filed a reply in support of his Motion.[3]  After careful consideration of the parties' memoranda, the applicable law, and the record, the Court **GRANTS** the Motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously discussed the general factual background of this case at length in its Order and Reasons granting the Defendants' Motion for Summary Judgment and incorporates that background discussion here.[4]  Summarized briefly, Plaintiff Cedric Otkins ("Otkins") filed this civil rights action alleging that he was unconstitutionally stopped and arrested in violation of his Fourth Amendment right to be free from unreasonable search and seizure.  On July 1, 2020, at around 10:40 p.m., Otkins was sitting alone in his parked car at the East Bank Bridge Park in St. Charles Parish, Louisiana when he was approached by Officer Jack Gilboy ("Gilboy")

---

[1] R. Doc. 136.
[2] R. Doc. 140.
[3] R. Doc. 147.
[4] *See* R. Doc. 58 at pp. 1–7.

of the St. Charles Parish Sheriff's Office.  Officer Gilboy claimed that he smelled marijuana emanating from Otkins' vehicle after Otkins exited his vehicle.  Officer Gilboy then called for backup, including a K-9 unit.  The drug-sniffing dog alerted for the presence of drugs in Otkins' car and a subsequent search by officers with the St. Charles Parish Sheriff's Office ("Sheriff's Office") revealed twenty grams of marijuana, including a brown hand rolled marijuana cigar, a firearm, a glass smoking pipe, a grinder, and a digital scale with green vegetable-like matter.  Otkins was arrested and charged with violations of La. R.S. 14:95 ("Illegal Carrying of a Weapon in the Presence of a Controlled Dangerous Substance"), La. R.S. 40:1023 ("Possession or Distribution of Drug Paraphernalia"), and La. R.S. 40:966 ("Possession with the Intent to Distribute").  Plaintiff participated in a Pretrial Intervention Program with the District Attorney's Office to resolve his criminal charges.[5]  Plaintiff subsequently filed this 42 U.S.C. § 1983 claim against several individuals, including Officer Gilboy.

In the instant Motion, the Plaintiff seeks to exclude the Defendant's expert witness, Craig Wiles, from testifying at trial.[6]  Wiles is a career law enforcement officer and narcotics agent with over forty years of experience proffered by the Defendant to give expert testimony as to Defendant Gilboy's ability to detect the odor of marijuana.[7]  In his expert report, Wiles opines that under the circumstances of the traffic stop on July 1, 2020, Gilboy could smell marijuana odors emanating from the interior of Plaintiff's vehicle.[8]  Plaintiff argues that Wiles fails to meet the standards

---

[5] R. Doc. 1 at ¶ 38.
[6] R. Doc. 136.
[7] R. Doc. 136-3 at pp. 2–4.
[8] *Id.* at p. 9.

of Federal Rule of Evidence 702 and thus should not be allowed to testify as an expert because Wiles' opinions are unreliable as they not supported by any peer reviewed studies or techniques and are not testable.[9]  Plaintiff also argues that Wiles' opinions are not relevant because his opinions will not assist the jury in understanding any of the issues in this case.[10]

The Defendant filed a response in opposition to the Motion arguing that Wiles is not rendering a scientific expert opinion, but an opinion based on his specialized knowledge, skill, and experience in law enforcement and drug detection.[11]  Addressing Plaintiff's argument that Wiles' testimony is not relevant, Defendant argues that Wiles' opinions will assist the trier of act in understanding the facts at issue as to Gilboy's ability to detect marijuana odor.  Lastly, Defendant contends that Wiles' testimony is not unduly prejudicial because Plaintiff fails to show that the danger of unfair prejudice substantially outweighs the probative value of Wiles' testimony.

In his reply memorandum, Plaintiff questions the Defendant's statement that Wiles is not being proffered as an expert in olfactory science while simultaneously claiming that Wiles is an expert in olfactory science.[12]  Plaintiff argues that even if Wiles is relying upon his own experience in law enforcement, the Defendant must still demonstrate that Wiles applied a methodology that is reliable, verifiable, and generally accepted in the relevant community.  Plaintiff further argues that Wiles

---

[9] R. Doc. 136-1.
[10] *Id.*
[11] R. Doc. 140.
[12] R. Doc. 147.

fails to meet those criteria because his opinions lack any scientific support and are instead based upon common sense assumptions. Finally, Plaintiff contends that several of Wiles' opinions regarding drug prevention are irrelevant and unduly prejudicial to the Plaintiff and thus must too be excluded.

## II.  LEGAL STANDARD

The district court has considerable discretion to admit or exclude expert testimony under Fed. R. Evid. 702,[13] and the burden rests with the party seeking to present the testimony to show that the requirements of Rule 702 are met.[14] Rule 702 provides that an expert witness "qualified . . . by knowledge, skill, experience, training or education may testify in the form of an opinion" when all of the following requirements are met:

> (a)     the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)     the testimony is based on sufficient facts or data;
> (c)     the testimony is the product of reliable principles and methods; and
> (d)     the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.[15]

Rule 702 codifies the Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, which charges district courts to act as "gatekeepers" when determining the admissibility of expert testimony.[16] "To be admissible under Rule

---

[13] *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000); *Tajonera v. Black Elk Energy Offshore Operations, LLC*, Civ. A. No. 13-0366 c/w 13-0550, 13-5137, 13-2496, 13-5508, 13-6413, 14-374, 14-1714, 2016 WL 3180776, at *8 (E.D. La. June 7, 2016) (Brown, J.) (citing authority).
[14] *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[15] Fed. R. Evid. 702.
[16] *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)).

702, the court must find that the evidence is both relevant and reliable."[17]  Even if an expert satisfies *Daubert* and Rule 702, "[e]xperts cannot 'render conclusions of law' or provide opinions on legal issues."[18]

According to the Fifth Circuit, reliability is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid, while relevance depends on whether the reasoning or methodology underlying the testimony can be properly applied to the facts at issue.[19]  The purpose of the reliability requirement is to exclude expert testimony based merely on subjective belief or unsupported speculation.[20]

To satisfy the reliability prong of the *Daubert*/Rule 702 analysis, a "party seeking to introduce expert testimony must show (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[21]  To prove reliability, the proponent of the expert testimony must present some objective, independent validation of the expert's methodology.[22]  The objective of this Court's gatekeeper role is to ensure that an expert "employs in the

---

[17] *United States v. Ebron*, 683 F.3d 105, 139 (5th Cir. 2012) (citing *United States v. Valencia*, 600 F.3d 389, 423 (5th Cir. 2010)).

[18] *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009)).

[19] *Ebron*, 683 F.3d at 139 (citing *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002)).

[20] *Tajonera*, 2016 WL 3180776, at *8 (citing *Daubert*, 509 U.S. at 590).

[21] *Recif Res., LLC v. Juniper Cap. Advisors, L.P.*, Civ. A. No. H-19-2953, 2020 WL 5623982, at *2 (S.D. Tex. Sept. 18, 2020) (quoting *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009)) (internal quotation marks omitted).

[22] *Id.* (citing *Brown v. Illinois Cent. R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013)).

courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[23]

Finally, proposed "expert testimony must be relevant, not simply in the sense all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue."[24]  "The trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument."[25]

## III.   ANALYSIS

In Wiles' expert report, he opines that marijuana has an unmistakable odor that "becomes part of the user's life" and that Gilboy "could smell the odor of marijuana coming from the interior of Mr. Otkins' vehicle."[26]  Because this opinion is not based on any reliable principles or methods and does not assist the trier of fact, the Court excludes Wiles from testifying at trial in this matter.

Wiles' purported expertise stems from his years working in law enforcement as a narcotics agent.[27]  Confusingly, the Defendant argues at one point in his brief that Wiles "developed an expertise in olfactory science"[28] and "is an expert on the trained and experienced police officer's ability to detect marijuana"[29] while also arguing that "Wiles is not rendering a scientific expert opinion," but an opinion "based

---

[23] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 194 (5th Cir. 2006).
[24] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).
[25] *In re Air Crash Disaster at New Orleans, Louisiana*, 795 F.2d 1230, 1233 (5th Cir. 1986).
[26] R. Doc. 136-3 at pp. 8–9.
[27] *See id.* at pp. 2–4.
[28] R. Doc. 140 at p. 2.
[29] *Id.* at p. 3.

upon his unparalleled specialized knowledge, skill, experience, training and education in law enforcement and drug detection and investigation and olfactory science."[30]   Whether or not an expert's opinion is labelled as a "scientific" opinion or one based on his or her "specialized knowledge" does not change the Rule 702/*Daubert* analysis; all expert opinions must still be reliable and relevant.[31]   While the Court does not question Wiles' lengthy law enforcement experience, which includes his experiences in encountering marijuana, Defendant has failed to show that Wiles is an expert in the olfactory sciences or in the human ability to detect certain odors.  At most, Defendant has shown that Wiles has expertise in law enforcement detection of narcotics.[32]

Scientific, technical, or specialized knowledge is only a threshold requirement for an opinion to be admissible under Rule 702.[33]  The Defendant must still show that Wiles' opinions are based on reliable methods and principles and are helpful to the trier of fact.  As both Plaintiff and Defendant recognize, the reliability inquiry requires the Court to consider certain factors including: (1) whether the technique has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the technique's potential error rate; (4) the existence and

---

[30] *Id.* at p. 5.

[31] *See* Fed. R. Evid. 702; *Hebbler v. Turner*, No. CIV.A. 03-388, 2004 WL 414821, at *4 (E.D. La. Mar. 3, 2004) (Duval, J.) ("It is unquestionable that the *Daubert* analysis applies to all expert testimony, whether based on scientific knowledge or on experience, training, or other specialized knowledge." (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, No. CIV.A.3:96CV3363D, 1999 WL 242690, at *3 (N.D. Tex. Apr. 19, 1999))).

[32] *See id.* at 16:5–10 ("I'm an expert on the police officer's ability who has received training and experience to detect marijuana I believe, yes, sir.").

[33] *See Nobel Ins. Co. v. Guillory*, No. CIV.3:00CV-0141-H, 2000 WL 35608155, at *1 (N.D. Tex. Apr. 19, 2000) ("In the post-*Daubert* world, however, experience alone will not suffice to admit an opinion as expert.").

maintenance of standards controlling the technique's operation; and (5) whether the technique is generally accepted in the relevant scientific community.[34]  "The district court's responsibility 'is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'"[35]

Here, the Court concurs with the Plaintiff that the Defendant has failed to show that Wiles' opinions are the product of any reliable and testable methodology. While an expert may be able to rely on their own experiences in formulating an opinion, Rule 702 demands that expert opinions be the product of reliable and testable methodologies.  Instead, Defendant claims that Wiles is not rendering a "scientific expert opinion" but an opinion based on his specialized knowledge and expertise.[36]  Defendant's attempt to skirt around the Rule 702 requirements by branding Wiles' expert opinions as non-scientific lacks merit.  Defendant mistakenly assumes that Wiles' experience and knowledge alone are all that he needs to demonstrate for Wiles' opinions to be admissible.  That is not the law.  A party proffering expert testimony must meet all of the Rule 702 requirements by a preponderance of the evidence.[37]  Defendant has failed to do so.

---

[34] *See Burleson v. Texas Dep't of Crim. Just.*, 393 F.3d 577, 584 (5th Cir. 2004).
[35] *Id.* (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).
[36] *See* R. Doc. 140 at p. 5.
[37] *See* Fed. R. Evid. 702; *Nobel Ins. Co.*, 2000 WL 35608155, at *1 ("In the post-*Daubert* world, however, experience alone will not suffice to admit an opinion as expert.").

Wiles' expert report lacks any discernable methodology or principle.  Wiles opinions are based on what he deems a "vacuum effect" caused by the opening and closing of Plaintiff's car door allegedly pushing the odors toward Gilboy as well as the weather conditions at the time of the stop which allegedly helped to enhance the smell.[38]  Wiles provides no support for either of these opinions other than a general invocation of his years of experience.  Again, experience and expertise alone are insufficient to satisfy the Rule 702 requirements.  Moreover, Wiles did not test either of these theories.  Wiles also relies on and quotes at length a blog post from a hydroponics company regarding the smell of cannabis plants.[39]  Wiles provides no analysis of this article, does not explain how it factors into his opinions, and fails to consider or address how the odor of cannabis plants, the subject of the article, may differ from the odor of marijuana fit for consumption.  In short, Wiles fails to explain how his testimony is the product of reliable methods and principles.  While the Court recognizes that, as a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion, that general rule does not eliminate the Court's gatekeeping function to determine that the opinion rest on a reliable foundation.[40]

Wiles' opinions also fail the relevancy analysis as they are not helpful to the trier of fact.  The Fifth Circuit has explained that expert testimony is unnecessary

---

[38] *See* R. Doc. 136-3 at p. 9.

[39] *See id.* at pp. 6–8.  Wiles testified that he found this website by "Googling" "the smell of marijuana or something like that."  *See* R. Doc. 140-1, *Wiles Depo.*, at 33:10–11.

[40] *See United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996).

where a trial judge determines "that the jury could adeptly assess th[e] situation using only their common experience and knowledge."[41]  Further:

> There is no more certain test for determining when experts may be used than the common sense inquiry [of] whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.[42]

Although couched as expert opinion based on years of experience, much of Wiles' report is filled with commonsense conclusions that do not require expert testimony. For example, Wiles' opinion that marijuana has a distinct and strong odor is not an expert opinion.  Indeed, as Wiles recognizes in his report, "all who visit" New Orleans can receive "an education on the smells of marijuana" whether through "[a] drive on the Interstate through the City, a walk through the streets or a day shopping in a grocery store," underscoring that his opinions are based on common sense and practical experiences within the realm of the average juror.[43]  Further, his opinions that the odor of marijuana can remain trapped on the clothing and skin of a user and in a user's vehicle is likewise a common sense opinion that does not require expert testimony, especially where, as here, Wiles provides no evidence or sources to support his claims or to provide greater detail.  Instead, these purported opinions are more appropriately reserved for lawyer arguments.

---

[41] *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990).
[42] *Vogler v. Blackmore*, 352 F.3d 150, 155 n.5 (5th Cir. 2003) (quoting Fed. R. Evid. 702 Advisory Committee's Note to 1972 Proposed Rules).
[43] R. Doc. 136-3 at pp. 8–9.

Wiles' opinions that the closing of Plaintiff's car door could have fanned marijuana odors toward Gilboy and that "the environment conditions of a light to mild wind at night in a secluded area, under a bridge in the Park would enhance the smells for two people at a distance of 3–15 feet"[44] are similarly unhelpful to the jury. No expertise is needed to understand that the opening and closing of a car door may allow odors contained within the vehicle to escape. While there are likely experts who could explain the scientific or other basis for that phenomenon, Wiles has provided no scientific mechanism or explanation for this opinion other than simple common sense. It follows that this opinion is within the common sense of the jury as well. Likewise, Wiles' opinion about the wind blowing and enhancing any odors requires no expertise and thus is unhelpful to the jury. In sum, none of Wiles' opinions are helpful to the jury as they are essentially lay opinions that do not require any expertise to reach. It is well within the province of the average juror to understand the basics of strong odors and how the events and conditions addressed by Wiles might affect how an individual perceives those odors. A proffered expert must bring to the jury more than the lawyers can offer in argument.

Accordingly, the Court determines that because none of Wiles' opinions meet the Fed. R. Evid. 702 standards for reliability and relevancy as his opinions do not assist the trier of fact and are not the product of reliable principles and methods, he must be excluded from testifying as an expert in this matter.

---

[44] *Id.* at p. 9.

**IV.    CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion

to Exclude Defendant's Expert Testimony[45] is **GRANTED.**

New Orleans, Louisiana, March 14, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[45] R. Doc. 136.